FILED

1  Gregory Burke, Bar No. 188891
   BURKE MOLINA
2  3419 Via Lido, Suite 360
   Newport Beach, CA 92663
3  Telephone:   888.679.5767
   Facsimile:   949.606.9066
4  Email: gburke@burkelegal.com

5

   Attorneys for Plaintiffs
6

2011 MAY 16  PM 12: 54

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11 | JAMES McFADDEN, DDS, MIKE         | Case No. **CV11-4175-SJO**
12 | GOLPA, DDS, MARIO GONZALES,       |          **(PLAx)**
   | Individually and on Behalf of All Others | **CLASS ACTION**
13 | Similarly Situated,               |
14 |                Plaintiffs,        | **COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL**
15 | vs.                               | **SECURITIES LAW; AND FRAUD.**
16 | NATIONAL TITLE CO., CLARK         |
17 | COUNTY INSPECTION SERVICES,       |
   | INC., TRACY BOUCHARD,             |
18 | INVESTORS REALTY, INC.,           |
   | ENTERPRISE MORTGAGE               |
19 | SERVICES, INC., and DERRICK L.    |
   | PHELPS,                           | **Demand for Jury Trial.**
20 |                Defendants.        |
21

22

23

24                          **INTRODUCTION.**

25       1.     This is a securities class action on behalf of all persons who were damaged

26  in connection with their purchase of unregistered securities. The defendants and each of

27  them engaged in a common enterprise to sell unqualified and unregistered securities in a

28  fraudulent real estate investment scheme. The proposed transactions and investments

COMPLAINT

Firmwide:80826519.1 001492.1015

Case No.

were "securities" within the meaning of Rule 14(b) of the Securities and Exchange Act. The defendants conducted "Investment Seminars" in California, Nevada and Hawaii and distributed literature and brochures titled "Investment Strategy Guide" indicating the client was purchasing investment instruments. The investment was nothing more than a fraudulent scheme to churn fees by placing "investors" into multiple properties they could not afford.

## VENUE AND JURISDICTION

2. The claims asserted herein arise under §§10(b) and 20(a) of the 1934 Act, 15 U.S.C. §§78j(b) and 78t(a), and SEC Rule 10b-5.

3. The Court has jurisdiction over the subject matter of this action pursuant to §27 of the 1934 Act. Diversity jurisdiction under 28 U.S.C. §1332 exists where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

4. Venue is proper in this District pursuant to §27 of the 1934 Act. Acts and transactions giving rise to the violation of law complained of herein occurred in this District.

## THE PARTIES

5. Plaintiff James McFadden, DDS ("McFadden") is an individual, and at all time mentioned herein was a resident of Los Angeles County, California. McFadden purchased multiple properties in the investment scheme during the class period.

6. Plaintiff Mike Golpa, DDS ("Golpa") is an individual, and at all times mentioned herein was a resident of Los Angeles County, California. Golpa purchased multiple properties in the investment scheme during the class period.

7. Plaintiff Mario Gonzales ("Gonzales") is an individual, and at all times mentioned herein was a resident of Henderson, Nevada. Gonzales purchased multiple properties in the investment scheme during the class period.

COMPLAINT

2.

Case No.

Firmwide:80826519.1 001492.1015

8.      Defendant National Title Co. ("National Title") is a business entity incorporated under the laws of the State of Nevada and transacts business in the State of California. National Title Co. was the exclusive escrow and title on all properties purchased in the investment; and National Title Co. participated in, and is listed on, all investment materials provided in the solicitation of the investment.

9.      Defendant Clark County Inspection Services ("Clark County Inspection") is a business entity incorporated under the laws of the State of Nevada. Defendant Clark County Inspection participated in the fraud by charging fees for inspection services that were never performed.

10.     Defendant Tracy Bouchard ("Bouchard") is an individual living in Las Vegas, Nevada, and is the sole owner, Officer and Director of both National Title and Clark County Inspection, and at all times mentioned herein, Bouchard knew of, assisted with, participated in and personally gained from the fraudulent investment scheme that is the subject of this Complaint.

11.     Defendant Investors Realty, Inc. ("IRI") is a business entity incorporated under the laws of the State of Nevada and transacts business in the State of California. IRI was the exclusive buyers agent on all properties purchased in the investment; and IRI participated in, and is listed on, all investment materials provided in the solicitation of the investment.

12.     Defendant Enterprise Mortgage Services, Inc. ("EMS") is a business entity incorporated under the laws of the State of Nevada and transacts business in the State of California. EMS was the exclusive buyers agent on all properties purchased in the investment; and EMS participated in, and is listed on, all investment materials provided in the solicitation of the investment.

13.     Defendant Derrick L. Phelps ("Derrick Phelps"), is an individual living in Las Vegas, Nevada, and is the President, Broker of Record, Majority Shareholder and alter ego of both IRI and EMS. Derrick Phelps devised and orchestrated the fraudulent investment scheme that is the subject of this Complaint and in conjunction with the

BURKE MOLINA
3419 Via Lido
Suite 360
Newport Beach, CA 92663
888.679.5767

fraudulent investment scheme, which included the sale of unqualified and unregistered securities in California, Derrick Phelps failed to disclose negative information concerning the investment, failed to conduct due diligence of the investment, mismanaged Plaintiffs' account, failed to recommend investments suitable for Plaintiffs and lulled Plaintiffs to avoid discovery of the fraud.

## CLASS ACTION ALLEGATIONS

14. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class consisting of all persons or entities who purchased or otherwise acquired property in connection with the "Investment Program" and who were damaged thereby (the "Class").

15. The members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

16. There is a well-defined community interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members include:

    (a) whether the 1934 Act was violated by defendants' acts as alleged herein;

    (b) whether the "Investment Program" was a scheme to defraud the Class; and

    (c) to what extent the members of the Class have sustained damages and the appropriate measure of damages.

17. Plaintiffs will adequately protect the interests of the Class and have no interests which conflict with those of the class.

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

BURKE MOLINA
3419 Via Lido
Suite 360
Newport Beach, CA 92663
888.679.5767

COMPLAINT

4.

Case No.

Firmwide:80826519.1 001492.1015

## BACKGROUND

19. Defendants' fraudulent <u>investment scheme</u> required the participation of numerous defendants operating behind ostensibly legitimate corporations. Defendants are all members of the fraudulent real estate investment enterprise and participated in the scheme intended to defraud the public, including Plaintiffs, and profit through illegitimate gains derived from the fraudulent transactions.

20. Defendants accomplished their fraudulent investment scheme by using or causing the use of United States' mail to send the fraudulent investment circulars, contracts for deed and other documents concerning the investment.

21. Defendants also used or caused to be used the United States' wires in accomplishing their fraudulent investment scheme by directing funds to financial institutions and sending fraudulent investment circulars, contracts for deed and other documents concerning the investment.

22. The defendants and each of them engaged in a common enterprise to sell unqualified and unregistered securities in a fraudulent real estate investment scheme. The proposed transactions and investments were "securities" within the meaning of Rule 14(b) of the Securities and Exchange Act. The defendants conducted "Investment Seminars" and distributed literature and brochures titled "Investment Strategy Guide" indicating the client was purchasing investment instruments:

- "In this phase [Initial Interview and Introduction] you will speak with one of the EMS real estate investment professionals to evaluate your general position and to discuss both your short-term & long-term investment goals."

- "At any point during the month EMS can be working with as many as twenty investor clients or more. The expedience by which you complete this step will dictate where within that group you and your portfolio are placed. We would like to give priority to you and your investment goals."

COMPLAINT

Firmwide:80826519.1 001492.1015

5.

Case No.

BURKE MOLINA
3419 Via Lido
Suite 360
Newport Beach, CA 92663
888.679.5767

- "Upon successful close of every property slated for your portfolio we will prepare a summary of your initial position. We will also forecast a conservative first through fifth year position. This will allow us to track the progress of your portfolio and provide a working model in which to manipulate and plan for market changes.
- "EMS will assist you in portfolio management at no additional cost to you. Portfolio Management consists of tracking gains and or losses, strategizing asset manipulation to extract money with the least tax consequence and the highest net retention."

23. The marketing materials described the investment process as follows: (1) the defendants conduct an initial interview to discuss both "short-term & long-term investment goals" (2) the investors' "needs list" is sent to **National Title Company** who "will re-write the offer to purchase in a format approved by their legal department (3) multiple properties are purchased for the investor's portfolio (4) the investor is provided with rebates from the closing monies (5) the investor is told to use these monies to make the monthly mortgage payments, taxes, HOA, etc., until a buyer on a Contract for Deed can be found by EMS and (6) the defendant provide property management and portfolio management.

24. In reality, investor funds were used to make payments to earlier investors and to pay for the defendants' personal expenses, salaries and lavish life styles. Defendants received more than 29% in unearned commissions and numerous miscellaneous and inflated charges on each transaction.

25. The members of the fraudulent investment scheme set up the residential mortgage transactions (Investment Realty was the real estate broker; Enterprise Mortgage the mortgage broker; an in-house appraiser; National Title Co. was the title company and escrow; and Clark County Inspection performed the home inspection), and prepared and submitted the fraudulent application on the loans.

BURKE MOLINA
3419 Via Lido
Suite 360
Newport Beach, CA 92663
888.679.5767

COMPLAINT

6.

Case No.

Firmwide:80826519.1 001492.1015

26. To fund the on-going scheme the members of the fraudulent investment scheme conducted investment seminars in California, Nevada and Hawaii to solicit unsophisticated investors to invest in "property portfolios." The portfolios were referred to as investment products and the investors were induced into believing they were dealing with a financial advisor who would evaluate their individual investment goals.

27. National Title was listed in all advertising materials as the exclusive escrow company for the investment. Clark County Inspection was the exclusive inspection company used on all transactions. Clark County Inspection charged fees on each transaction for inspections that never took place. National Title Co. was aware and directed its escrow officers to fraudulently prepare and notarize loan documents, including those documents indicating the multiple properties would be "owner occupied." National Title was critical to the fraudulent investment scheme by ensuring escrow closed on the multiple properties simultaneously so the lenders could not verify the buyer's true "debt-to-income" ratio, and were otherwise unaware of the numerous loans spread through multiple lenders.

28. In furtherance of the fraudulent scheme National Title falsely notarized documents, failed to provide good faith estimates to the clients, failed to disclose accurate loan terms and fees, and issued checks directly to Derrick Phelps from settlement proceeds. National Title Co. also failed to disclose the yield-spread premium; and the payment is an illegal kickback.

29. The investors eventually lost their investment and all monies paid on the properties because the members of the fraudulent investment scheme failed to manage the "Investment Portfolio," failed to find buyers on the Contracts for Deed, and the appraisals were over inflated making it impossible to cover the mortgage payments, fees and taxes based on the rental value in the area, leaving the investors with properties for which they could not pay the total loan obligations and expenses.

## COUNT I

## VIOLATION OF §10(b) OF THE 1934 ACT AND RULE 10b-5
## AGAINST ALL DEFENDANTS

30.    Plaintiffs incorporate §§ 1-28 by reference.

31.    Defendants have violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

    (a)    employed devises, schemes and artifices to defraud;

    (b)    made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    engaged in acts, practices and a course of business that operated as a fraud or deceit upon Plaintiffs and other similarly situated in connection with their purchases of properties pursuant to the Investment Program, including forging and falsely notarizing loan documents.

32.    Plaintiff and the Class have suffered damages in that, in reliance upon the statements made and material provided they invested in Investment Program. Plaintiff and the Class would not have purchased the multiple properties if not for the false and misleading statement made and materials provided by the Defendants.

## COUNT II
## VIOLATION OF §20(a) OF THE 1934 ACT
## AGAINST ALL DEFENDANTS

33.    Plaintiffs incorporate §§ 1-32 by reference.

34.    The individual defendants acted as controlling persons of Enterprise Mortgage, Investment Realty, National Title and Clark County Inspection within the meaning of §20(a) of the 1934 Act. By reason of their positions with the company, and sole control of the company's stock, the individual defendants had the power and authority to cause the company to engage in the wrongful conduct complained of herein. By reason of such conduct defendants are liable pursuant to §20(a) of the 1934 Act.

BURKE MOLINA
3419 Via Lido
Suite 360
Newport Beach, CA 92663
888 679 5767

## COUNT III

## FRAUD

### AGAINST ALL DEFENDANTS

35. Plaintiffs incorporate §§ 1-34 by reference.

36. Defendants' fraudulent investment scheme required the participation of numerous defendants operating behind ostensibly legitimate corporations. The members of the fraudulent investment scheme and each participated in the scheme intended to defraud investors, and each profited through illegitimate gains derived from the fraudulent transaction.

37. The Investment Program was nothing more than a fraudulent scheme deployed by defendants to churn fees by placing "investors" into multiple properties they could not afford. Defendants were not investment professionals. Plaintiff could not have qualified for 10 properties except for the fact that defendants altered and forged loan documents and submitted the loans simultaneously to lenders so they could not verify the true debt-to-income ratio.

38. In making the decision to in the Investment Program Plaintiffs and the Class justifiably and detrimentally relied on the information supplied by the defendants, as well as on the absence of facts concealed by each defendant.

39. But for the information supplied by the defendants, as well as the absence of facts concealed by each defendant, the Plaintiffs and Class would not have invested in said program.

40. At all times the defendants, and each of them, were aware the information provided to the public, including Plaintiffs and the Class, was false and for the purpose of soliciting funds for the fraudulent investment scheme.

41. At all times mentioned herein Plaintiffs and the Class were unaware of the falsity of the representations and the true facts concealed by the Defendants, and each of

COMPLAINT
9.
Case No.

Firmwide:80826519.1 001492.1015

them, and justifiably relied upon said representations and information known to Plaintiffs and the Class.

42. Defendants refused to provide the escrow files for the properties purchased and Plaintiffs and the Class were not put on notice until the fraud and investment scheme came to light in late 2009.

43. Plaintiffs and the Class have suffered damages in that, in reliance upon the statements made and material provided they invested in Investment Program. Plaintiff and the Class would not have purchased the multiple properties if not for the false and misleading statement made and materials provided by the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. Declaring this action to be a proper class action pursuant to Fed. R. Civ. P. 23;

B. Awarding Plaintiffs and the members of the Class damages, including interest;

C. Awarding Plaintiffs' reasonable costs and attorneys' fees; and

D. Awarding Plaintiffs' punitive damages on the count for fraud;

E. Awarding such equitable/injunctive or other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: May 15, 2011

By: /s/
\GREGORY BURKE, ESQ. for Plaintiffs

BURKE MOLINA
3419 Via Lido
Suite 360
Newport Beach, CA 92663
888.679.5767

COMPLAINT
10.
Case No.
Firmwide:80826519.1 001492.1015